

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-1640
Re: May Board deny married
woman permit to retail
wine and beer on sole
ground husband had been
convicted of felony and
was not entitled to such
permit and would profit
from her business under
community property law.

We are in receipt of your letter seeking the
opinion of this department on the following state of
facts, which are taken from your letter, to-wit:

"We have before us a proposition in
respect to an application for wine and
beer retail permit as to which we would
appreciate your advice.

"A certain man was convicted on the
felony charge of keeping a gambling house,
who subsequently appealed from such con-
viction in the district court, the con-
viction being affirmed March 8, 1939, and
a motion for rehearing being denied May
24, 1939. This man was committed to the
State Penitentiary and the Board of Par-
dons advises that he was granted a condi-
tional pardon by the Governor on December
1, 1939. We are advised that his citizen-
ship has not been restored and cannot be
until the expiration of the normal term
of his service in the Penitentiary in the
absence of the conditional pardon.

"This man's wife is now applying for a retail wine and beer permit in her own individual capacity. Unquestionably under the law no person is entitled to hold a license to sell beer if within two years immediately preceding the filing of his application he has been convicted of a felony. Presumably the man would therefore be disqualified until May 24, 1941, which would be two years from the date his conviction became final with the denial of a rehearing on the part of the Court of Criminal Appeals.

"The Texas Liquor Control Act provides as causes for cancellation of existing license the use of a license in the operation of a business conducted for the benefit of any person not authorized by law to have an interest in said license. Under the community property laws of Texas we presume that the man who had been convicted would necessarily benefit from the operation by his wife of a retail beer business and there is no legal action which might be taken that would deny him the community interest in the profits to be derived from the business. If this be true, it would seem that the use of a license by the wife would be for the benefit of a person not qualified by law to have an interest in the license and that accordingly the wife would be disqualified on the husband's record."

The sole question propounded by you for our consideration, as we understand it, is whether a married woman may be denied a permit to retail wine and beer when her husband, who is disqualified from receiving such a permit would benefit thereby, under the community-property law of this State.

It seems settled law that a married woman may enter into the mercantile business at her will. 23 T. J. p. 304 § 266, from which we quote:

"Technically, a married woman may be a merchant or trader at will, so far

as the immediate transaction of the
business is concerned. That is, she
may own merchandise and wares freely,
may buy or sell them at pleasure
either for cash or on credit, may
rent or lease buildings or employ
clerks and other help needed. * * *"

If the wife independently of her husband
should go into the wine and beer business he would not
in any way be liable for her debts. This was held in
the case of J. B. Hirshfeld & Co. v. Evans et ux, 56
S. W. (2) 683, wherein the court said:

"The pleading fails to show any
consideration for the subsequent
promise made by the husband, Henry
Evans, to pay for goods previously
sold to his wife and for which she
was not responsible. So far as the
pleadings show, it was a verbal prom-
ise and is further void under the
provisions of the statute of frauds."

This case reached the Supreme Court and was
affirmed, 93 S. W. (2) 143.

It is true in the ordinary case, where the wife
goes into business for herself, the profits from the busi-
ness, if any, would by force of law become the community
property of the wife and her husband. 23 T. J. § 266.

From the foregoing authorities it must be held
that the husband has no interest whatever in the wife's
business. It follows that if the husband should be bene-
fitted from a permit issued to the wife, it would not be
by virtue of any permit in which he was interested but
solely because of the profits of the business covered by
the permit issued to the wife alone, and in which he was
not at all interested. The husband's rights come to him
not from any interest which he has in the wife's business,
but solely as a matter of law, which makes the profits
community property.

Neither do we agree, under the facts submitted,
that the profits derived from the wife's business would
necessarily be community property. Clearly, the husband

Honorable Bert Ford - page 4

would not be entitled to a permit to enter this business, for the reason that the law does not allow one guilty of his conduct to receive such a permit. Where the law denies a husband the right to go into a business, or profit therefrom, because of his conduct, and the wife enters such business, it would seem that the profits would be her separate property.

We think both the foregoing conclusions are fully supported by the celebrated case of Dickson v. Strickland, 265 S. W. 1012, in which the Supreme Court overruled the contention that Mrs. Miriam A. Ferguson could not qualify as Governor because of her husband's impeachment:

"The fifth question inquires whether Mrs. Ferguson was rendered ineligible by the decree of the Senate of Texas, sitting as a court of impeachment, removing her husband, James E. Ferguson, from the office of Governor and adjudging that he be henceforth disqualified to hold any office of power, trust, or profit under the state.

"Appellant's position is that the emoluments of the office of Governor are community property, and that James E. Ferguson could not receive his community half of his wife's salary as Governor without violating the decree of impeachment.

"It is unnecessary to inquire into the exact status of the wife's salary from public office as separate or community property, under our present Constitution and statutes. For, if it be assumed that Mrs. Ferguson's salary as Governor would belong to the community estate of her husband and herself, still James E. Ferguson would not be receiving or sharing any emolument or profit derived from any office held by James E. Ferguson under the state. The emolument would be derived from Miriam A. Ferguson holding an office and performing its duties. Such a disqualification

as is here insisted on could be support-
ed on no other theory than that of le-
gal identity of husband and wife, and
that theory we definitely repudiate, as
it has been uniformly rejected from the
earliest cases determined by this court.

"The Constitution forbids the impo-
sition of penalties on members of the
family of an impeached Governor by de-
claring that the Senate's judgment of
impeachment shall extend, in addition
to punishment after indictment and
trial, only to removal from office and
disqualification to hold office under
the state.

"There is a third reason why no
supposed community interest of James E.
Ferguson in the salary of an office
held by his wife should render his wife
ineligible to hold such office. And
that is, if by his wrong he had deprived
himself of any right to share such sal-
ary, the same would become his wife's
separate estate. Wright v. Hays, 10
Tex. 136, 60 Am. Dec. 200; Nickerson v.
Nicherson, 65 Tex. 281"

Upon the foregoing authorities you are advised
that it is the opinion of this department that the Board
would not be authorized to deny the permit, under the
facts related by you.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Grover Sellers*
Grover Sellers
Assistant

GS-MR            APPROVED MAR 8, 1940

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN